

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,413-01

**EX PARTE ERIC DE LA GARZA, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2018-DCR-02374-I IN THE 445TH DISTRICT COURT
FROM CAMERON COUNTY**

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault of a child, sentenced to twenty-five years' imprisonment and one count of indecency with a child and sentenced to twenty years' imprisonment.

This Court remanded the application in October 2019. On September 21, 2020 this Court received a motion to withdraw the application from Applicant.

This Court has held that requests for late-stage dismissals of habeas applications without prejudice,

in general, are disfavored and will not be permitted. If, however, an applicant makes a showing of good cause for a late-stage dismissal without prejudice, then permitting the entire process to begin anew is appropriate. When this Court determines that a perceived deficiency in an existing habeas application could be remedied by alternatives to a late-stage dismissal such as (1) the presentation of additional evidence, (2) the filing of an amended or supplemental application raising new claims in the habeas court, or (3) a stay of the proceedings for a reasonable period of time, then the applicant cannot show good cause for his motion to dismiss without prejudice. *Ex parte Speckman*, 537 S.W.3rd 49 (Tex. Crim. App. 2017).

The trial court shall make findings as to whether it believes this motion to withdraw constitutes a late-stage dismissal under *Speckman* and make a recommendation whether or not it believes the Court should dismiss the habeas application pursuant to Applicant's request.

The trial court shall make findings of fact and conclusions of law within sixty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: October 21, 2020
Do not publish